UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- x

GIOVANNI SCAVO,                           :
                                            :

                   Plaintiff,             :
                                            :                 MEMORANDUM & ORDER

            -against-                :
                                            :                 No. 16-cv-5479 (ENV) (CLP)

CMA CGM S.A., The RANJAN, IMO 9396622,    :
MAX WONDER, IMO 9396622, VROON, BV,     :
JOHN DOE, 1-5, XYZ CORPORATION, 1-3,      :
                                            :

                   Defendants.        x

-------------------------------------------------

VITALIANO, D.J.

       Seeking damages for injuries he allegedly sustained while working as a longshoreman on the deck of the M/V RANJAN, a containership, plaintiff Giovanni Scavo commenced this action against both the containership and CMA CGM S.A. ("CMA"), the ship's time charterer at the time of the injury.[1]

       Presently before the Court are CMA's objections to Chief Magistrate Judge Cheryl L. Pollak's Report and Recommendation ("R&R"), which recommends that CMA's summary judgment motion be denied.  *See* R&R, Dkt. 66.  For the reasons that follow, CMA's objections are overruled, the R&R is adopted in its entirety, and CMA's motion for summary judgment is denied.

---

[1] Plaintiff initially named as defendants Vroon B.V., which purchased the ship after plaintiff's injury occurred, and M/V MAX WONDER, the name it re-christened the vessel.  On May 18, 2017, the claims against the M/V MAX WONDER and Vroon B.V. were dismissed on plaintiff's motion.  *See* Dkt. 15.

Background[2]

On October 19, 2013, plaintiff was working as a longshoreman at the Red Hook Container Terminal in Brooklyn, where the RANJAN was docked for the removal and loading of sea-going cargo containers.  In the course of those operations, plaintiff alleges that, due to a defective condition on the ship, he was injured when he fell from the top of a ladder.

On July 17, 2020, following the close of discovery, CMA moved for summary judgment, Dkt. 65, arguing that, pursuant to its agreement with the owner of the ship,  which was in accord with its limited role as time charterer, it had no responsibility or control over the condition of the ship's deck.  By force of this assertion, CMA contends that it cannot be held responsible for injuries caused by defective conditions on the ship's deck or to a longshoremen working aboard her.  Def.'s Objs., Dkt. 69, at 3.

On the same day CMA moved for summary judgment, the motion was referred to Chief Judge Pollak for a report and recommendation.  *See* 7/20/2020 Order.  Chief Judge Pollak issued the R&R on March 4, 2021.  Dkt. 66.  CMA filed timely objections on April 16, 2021.  Dkt. 69.

Standard of Review

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But, as to "those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record"

---

[2] Familiarity of the parties with the factual background and procedural history upon which the R&R rests is presumed, though facts pertinent to the instant motions will be highlighted here.

in order to accept it.  *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2

(S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810, 2009 WL 2001439, at *4

(S.D.N.Y. July 8, 2009)); *see also Freedom Mortg. Corp. v. Powell*, No. 218 Civ. 4265, 2020

WL 4932145, at *1 (E.D.N.Y. Aug. 24, 2020).

Discussion

A.  The Grandjean Declaration

As a preliminary matter, it is an objection to the R&R that CMA does not make that is, to

a great extent, dispositive of the summary judgment motion.  Specifically, CMA lodges no

objection to Chief Judge Pollak's recommendation that the declaration of CMA's in-house

counsel, Charlotte Grandjean, not be considered on the motion to the extent it includes factual

assertions regarding the events on the day of the accident, legal conclusions, or evidence that

would be inadmissible at trial.  *See* R&R at 19–20.

Thus, there being no objection and after careful review of the record, the Court finds this

recommendation to be clearly correct.  As Chief Judge Pollak noted, a declaration used to

support or oppose a motion must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(4).  Yet, here, by her own admission, Attorney Grandjean lacks personal

knowledge regarding "what occurred on the date of the accident, who was on board or had

control of the deck, or who supervised the stevedoring services at that date."  R&R at 18.

Moreover, her assertion that CMA is not responsible for injuries to longshoremen is nothing

more than a legal conclusion which, at best, offers an opinion as to the substantial obligations of

all or some of the parties involved with the loading operations of the RANJAN at Red Hook on

the day Scavo claims he was injured.   It is, as Chief Judge Pollak observed, hornbook law that

3

witnesses, experts, or otherwise, are generally not permitted to render an opinion on whether a party has breached a contract provision. *See* R&R at 19 (citing cases). The Court, therefore, adopts this portion of the Report and Recommendation as the opinion of the Court and, in line with Chief Judge Pollak's recommendation, will disregard the Grandjean declaration in considering CMA's motion for summary judgment.

B. CMA's Objections

Turning to CMA's objections, CMA principally takes aim at the R&R's analysis of CMA's burden as the party moving for summary judgment. CMA says that the R&R "fails to make a crucial distinction" in recognizing that the "specific burden on a movant for summary judgment depends on whether [it] has the burden of persuasion at trial," and that, here, given plaintiff's obligation at trial to prove that CMA had operational control over the ship such that it should be held liable for any defective conditions causing plaintiff's injuries, CMA need only demonstrate that plaintiff's "evidence is insufficient to establish an essential element of [its] claim." Def.'s Objs. at 6 (citing *Celotex v. Catrett*, 477 U.S. 317, 331, 106 S. Ct. 2548, 2556, 91 L. Ed. 2d 265 (1986) (1986) (Brennan J., dissenting)). CMA argues, in sum, that by recommending that summary judgment be denied because Scavo failed to make a showing of facts supporting the motion, Chief Judge Pollak erroneously flipped the standard by requiring CMA to "prove a negative." Defs.' Objs. at 6. At its essence, CMA contends that, because "the issues and facts raised by plaintiff are inadequate to impose a [] legal duty on CMA," it is entitled to summary judgment. Defs.' Objs. at 12.

The law is to the contrary: "[t]he mere assertion by a defendant moving for summary judgment that the plaintiff 'has not produced any evidence' to support an essential element of the plaintiff's claim does not satisfy the burden that Rule 56(a) imposes." *Nick's Garage, Inc. v.*

*Progressive Cas. Ins. Co.*, 875 F.3d 107, 115 (2d Cir. 2017).  Here, CMA argues that "[p]laintiff needed to present evidence that the Charter [between CMA and the ship's owner was] somehow varied with or was modified, contradicted, or nullified by another agreement in which CMA CGM somehow took over the navigation and control and maintenance of the vessel."  Def.'s Objs. at 16.  But "[a] plaintiff is under no obligation to 'produce' its evidence prior to trial, unless such an obligation arose in response to a discovery demand (or a court order) requiring the plaintiff to set forth the evidence supporting its claim." *Nicks Garage*, 875 F.3d at 115.  In other words, "a moving defendant's mere assertion that a plaintiff 'has not produced' evidence that could prove its claim fails to show that the plaintiff lacks the necessary evidence, unless defendant also shows that plaintiff was obligated by discovery demand or court order to produce the evidence or that he voluntarily undertook to make the showing." *Id.*  CMA does not argue that it made such a demand here, nor does the record indicate that it has done so.  As such, consideration of CMA's motion adheres to the well-settled requirement that "when a defendant moves for summary judgment, it is the *defendant* who must show entitlement to judgment, notwithstanding that, at trial, the plaintiff will have the burden of proving every element of its claim." *Id.* (emphasis in original).

Set against that backdrop, in explaining that "[w]hile [CMA] may be correct that plaintiff may not prove at trial that [it] owed a duty to plaintiff, it is [CMA]'s burden in moving for summary judgment to establish that there are no genuine issues of material fact in dispute," R&R at 26, Chief Judge Pollak's description of the summary judgment standard was entirely correct.  And, upon *de novo* review, the Court concludes that Chief Judge Pollak properly applied that standard in concluding that material issues of fact remain in dispute as to whether CMA owed a duty to plaintiff, and whether CMA breached that duty.

5

For example, while the parties dispute whether CMA exercised control of the vessel,  the R&R correctly notes that "defendant's assertion of no control over the vessel is not supported by any actual evidence."  R&R at 26.  The R&R also correctly points out that "CMA fails to provide any testimony as to who did what on the day of the accident," instead asserting, without supporting evidence, that it had no employees on board at that time.  R&R at 26.

Finally, the R&R correctly notes that, while CMA asserts that it did not assume the responsibilities of the ship's owner, it "does not address why it received notice of problems on board the vessel and was afforded an opportunity to correct them."  R&R at 26.  Indeed, CMA does not dispute their failure to produce evidence on these issues, but rather disputes their obligation to do so, a somewhat disingenuous position since it was precisely this sort of 'evidence' CMA tried to offer in the guise of Attorney Grandjean's declaration that was disallowed.  At any rate,  the Court agrees with Chief Judge Pollak that "while plaintiff ultimately may not meet [its] burden to prevail on the merits, these deficiencies reveal that defendant has not met its burden for summary judgment."  R&R at 27.  Consequently, this objection, too, is overruled, and the Court adopts this portion of the Report and Recommendation as the opinion of the Court.[3]

---

[3] The balance of CMA's arguments are without merit.

<u>Conclusion</u>

In line with the foregoing, the R&R is adopted, in its entirety, as the opinion of the Court.

CMA's motion for summary judgment is denied.

The parties are directed to contact Chief Judge Pollak for further pretrial management of

this case.

So ordered.


Dated:     February 14, 2022
           Brooklyn, New York


                                                   /s/ Eric N. Vitaliano
                                                   ERIC N. VITALIANO
                                                   United States District Judge


7